1    KEKER, VAN NEST & PETERS LLP      CRAVATH, SWAINE & MOORE LLP
      ROBERT A. VAN NEST - #84065        ANTONY L. RYAN (*pro hac vice*)
2    rvannest@keker.com               aryan@cravath.com
      EUGENE M. PAIGE - #202849         YONATAN EVEN (*pro hac vice*)
3    epaige@keker.com                 yeven@cravath.com
      LAURIE CARR MIMS - #241584       M. BRENT BYARS (*pro hac vice*)
4    lmims@keker.com                  mbyars@cravath.com
      CODY S. HARRIS - #255302          825 Eighth Avenue
5    charris@keker.com                 New York, NY 10019
      ZAINAB O. RAMAHI - #332139       Telephone:  212 474 1000
6    zramahi@keker.com                Facsimile:  212 474 3700
      DANIEL B. TWOMEY - #341488
7    dtwomey@keker.com
      633 Battery Street
8    San Francisco, CA 94111-1809
      Telephone:    415 391 5400
9    Facsimile:    415 397 7188

10    *Attorneys for Defendants Qualcomm*
       *Incorporated, Derek K. Aberle, Steven*
11    *R. Altman, William F. Davidson, Paul E.*
       *Jacobs, Steven M. Mollenkopf and Donald J.*
12    *Rosenberg*

13

14

15                  UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17

18    IN RE SUBPOENAS ISSUED TO JEFFREY    Case No. 5:23-mc-80181-VKD
      WILLIAMS AND BRUCE WATROUS JR.
19                             **DECLARATION OF M. BRENT BYARS**
                                  **IN SUPPORT OF DEFENDANTS'**
20                             **OPPOSITION TO NON-PARTIES APPLE**
                            **INC., JEFFREY WILLIAMS, AND BRUCE**
21                             **WATROUS JR.'S MOTION TO QUASH**
                            **NON-PARTY SUBPOENAS**
22
                            **REDACTED**
23

24

25

26

27

28

I, M. Brent Byars, declare and state that:

1.      I am a Senior Attorney at the law firm of Cravath, Swaine & Moore LLP. I have been admitted to appear *pro hac vice* before the Southern District of California on behalf of Defendants Qualcomm Incorporated ("Qualcomm"), Derek A. Aberle, Steven R. Altman, William F. Davidson, Paul E. Jacobs, Steven M. Mollenkopf and Donald J. Rosenberg in the related matter *In re Qualcomm Inc. Securities Litig.*, 17-cv-00121-JO-MSB (S.D. Cal.) ("Securities Action").

2.      I have personal knowledge of the facts stated herein and if called to testify could and could competently testify thereto. I submit this declaration in support of Defendants' Memorandum of Points and Authorities in Opposition to Non-Parties Apple Inc., Jeffrey Williams, and Bruce Watrous Jr.'s ("Apple's") Motion to Quah Non-Party Subpoenas.

3.      I attended the May 30th, 2023 Joint Case Management Conference with Plaintiffs' counsel before Magistrate Judge Berg in the Securities Action, which was not transcribed. During that conference, Plaintiffs' counsel represented that they had held "preliminary conversations" with Apple's counsel and based on those conversations expected that the depositions of Apple's witnesses could be completed no later than July 31.

4.      Attached hereto as **Exhibit 1** is an internal Apple presentation dated June 26, 2016, bearing bates number APL-QC-FTC_33946740 at '742.

5.      Attached hereto as **Exhibit 2** is an internal Apple presentation dated September 10, 2014, bearing bates number APL-QC-FTC_32638973 at '994.

6.      Attached hereto as **Exhibit 3** is an internal Apple presentation dated February 2014, bearing bates number APL-QC-FTC_22481934 at '936.

7.      Attached hereto as **Exhibit 4** is a true and correct copy of email correspondence between myself and Apple's counsel Ryan Appleby dated July 20, 2023.

8.      At Plaintiffs' request, Qualcomm agreed to cause its counsel to re-produce in the Securities Action the discovery materials that Apple had produced in *FTC v. Qualcomm*, subject to Apple's consent to such re-production, which Plaintiffs agreed to seek from Apple. In January 2020, Apple's then-counsel at Boies Schiller consented to the re-production of its *FTC*

1

DECLARATION OF M. BRENT BYARS IN SUPPORT OF DEF.'S OPPOSITION TO NON-PARTIES APPLE INC., JEFFREY WILLIAMS, AND BRUCE WATROUS JR.'S MOTION TO QUASH NON-PARTY SUBPOENAS
Case No. 5:23-MC-80181-VKD

2322340

materials with the exception of "the documents clawed back that were later ordered produced in the S.D. Cal. Action," which referred to a set of approximately 40 documents that Apple had been ordered to produce in *Apple v. Qualcomm* in the Southern District of California based on Apple's waiver of any privilege or work product protection relating to those documents. (Pursuant to a Discovery Coordination Order, these documents were also then produced in the *FTC* case.)

9.     I met and conferred with Apple's counsel regarding why Apple had excluded this set of approximately 40 documents from the millions of other documents that it had produced in *FTC*, despite the fact that Plaintiffs had served a comprehensive subpoena on Apple requesting, among other things, "All Documents produced or provided by You in connection with the FTC Action." In a March 2022 email, Apple's counsel responded that "plaintiff's counsel made clear that [they] were not seeking the entire FTC production, only those documents [as] to which there had not been a claim of work product by Apple, regardless of whether any particular court held any claims were waived." Apple's counsel stated that Apple would not discuss or consent to the re-production of the withheld materials because Defendants had not served a subpoena for them. Defendants then served a subpoena to compel production of the withheld materials, and as a result Apple made the withheld materials available in the Securities Litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 21, 2023, in New York, New York.

M. Brent Byars

DECLARATION OF M. BRENT BYARS IN SUPPORT OF DEF.'S OPPOSITION TO NON-PARTIES APPLE INC., JEFFREY WILLIAMS, AND BRUCE WATROUS JR.'S MOTION TO QUASH NON-PARTY SUBPOENAS
Case No. 5:23-MC-80181-VKD

2322340

# EXHIBIT 1
# FILED UNDER SEAL

# EXHIBIT 2
# FILED UNDER SEAL

# EXHIBIT 3
# FILED UNDER SEAL

# EXHIBIT 4

**From:** "Appleby, Ryan S." <RAppleby@gibsondunn.com>
**Date:** July 20, 2023 at 11:55:54 AM EDT
**To:** Brent Byars <MByars@cravath.com>
**Cc:** "Doren, Richard J." <RDoren@gibsondunn.com>, "Cody S. Harris" <CHarris@keker.com>, LMims@keker.com, "Zainab O. Ramahi" <ZRamahi@keker.com>, Yonatan Even <YEven@cravath.com>, Salvatore Graziano <Salvatore@blbglaw.com>, Rebecca Boon <Rebecca.Boon@blbglaw.com>, AScott@keker.com, "Jonathan D. Uslaner" <JonathanU@blbglaw.com>
**Subject: RE: In re Qualcomm Securities Litigation--transfer of motion to quash**


Brent,

As I'm sure you are aware, absent the subpoenaed party's consent, Rule 45 presumptively requires motions to quash nonparty subpoenas to be heard by the "court for the district where compliance is required," i.e. the Northern District of California.  It is not Apple's burden to justify adherence to the default rule.  Rather, it is Qualcomm's burden to show that there are "exceptional circumstances" that justify deviation from that rule.

What Qualcomm thinks it needs from these witnesses is relevant to the transfer issue because it will inform whether such "exceptional circumstances" exist.  Based on the limited information you have provided, it appears Qualcomm intends to probe issues going well beyond the scope of the securities case, so it is not at all clear that the motion would be more efficiently handled by the judge overseeing the underlying securities action.  In sum, your reticence at providing all of the information requested in combination with your inappropriate attempt to shift the burden to nonparty Apple causes Apple serious concern regarding whether Qualcomm is seeking to depose these witnesses for legitimate reasons related to the underlying securities litigation, or simply to harass Apple and its executives and/or potentially invade the attorney-client privilege (particularly in deposing Mr. Watrous, an in-house attorney).

We cannot commit to transferring Apple's motion to quash at this time.  We will of course continue to evaluate the issue in light of any additional information you provide, and after receiving Qualcomm's and Plaintiffs' opposition briefs.


Best, Ryan


**Ryan S. Appleby**
Associate Attorney

T: +1 213.229.7353  |  M: +1 213.215.3056
RAppleby@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

**From:** Brent Byars <MByars@cravath.com>
**Sent:** Monday, July 17, 2023 4:30 PM
**To:** Appleby, Ryan S. <RAppleby@gibsondunn.com>
**Cc:** Doren, Richard J. <RDoren@gibsondunn.com>; Cody S. Harris <CHarris@keker.com>; LMims@keker.com; Zainab O. Ramahi <ZRamahi@keker.com>; YEven@cravath.com; Salvatore Graziano <Salvatore@blbglaw.com>; Rebecca Boon <Rebecca.Boon@blbglaw.com>; AScott@keker.com; Jonathan D. Uslaner <JonathanU@blbglaw.com>
**Subject:** Re: In re Qualcomm Securities Litigation--transfer of motion to quash

<span style="color:red">**[WARNING: External Email]**</span>

Ryan, thanks for your email.


Your questions do not appear relevant to the standard for transfer under Rule 45(f), which concerns whether the issuing court has more familiarity with and is monitoring the underlying litigation. If you could explain to us why that standard is not met here, or point us to any cases that would support Rule 45(f)'s inapplicability to this motion, we would appreciate it.


With respect to the information Qualcomm would be seeking from Mr. Watrous, we have previously explained that it is plaintiffs who are seeking to introduce Apple testimony into the securities class action, and Qualcomm has the right to elicit testimony to rebut testimony offered by plaintiffs in the context of a securities case that involves distinct issues from the prior cases in which Apple has provided testimony. We intend to ask Mr. Watrous about, without limitation, (a) documents produced after his prior deposition, (b) Apple's role in the securities case, and (c) post-deposition events and judicial findings undermining the credibility of Apple's prior testimony. Such testimony is relevant to the claims and defenses in the securities action, which is predicated in part on regulatory actions relating to Apple's complaints,

and on Apple's own lawsuit, which is itself one of plaintiffs' alleged corrective disclosures.


Please let us know if Apple will consent to transfer, and if not, the legal basis for its refusal.


Brent

<Salvatore@blbglaw.com>; Rebecca Boon
<Rebecca.Boon@blbglaw.com>; AScott@keker.com; Jonathan D. Uslaner
<JonathanU@blbglaw.com>
**Subject:** Re: In re Qualcomm Securities Litigation--transfer of motion to
quash

 **[WARNING: External Email]**

On Jul 14, 2023, at 2:32 PM, Appleby, Ryan S.
<RAppleby@gibsondunn.com> wrote:


Brent,

Given the limited information Qualcomm has provided to date, our clients
are not in a position to agree that the matter would be more efficiently
resolved in the Southern District.  To help evaluate your request and
whether a Judge with more familiarity with your case would be better
positioned to hear the motion, it would be helpful to have more
information on (1) the specific testimony you believe you need from Mr.
Watrous or Mr. Williams that you do not already have from another
source (including their prior testimony, testimony from other witnesses,
and Apple's extensive document productions) and (2) how that testimony
relates to your action in the Southern District.

Best,
Ryan

**Ryan S. Appleby**
Associate Attorney

T: +1 213.229.7353  |  M: +1 213.215.3056
RAppleby@gibsondunn.com

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

---

**From:** Brent Byars <MByars@cravath.com>
**Sent:** Friday, July 14, 2023 10:46 AM
**To:** Appleby, Ryan S. <RAppleby@gibsondunn.com>
**Cc:** Doren, Richard J. <RDoren@gibsondunn.com>; Cody S. Harris
<CHarris@keker.com>; LMims@keker.com; Zainab O. Ramahi
<ZRamahi@keker.com>; YEven@cravath.com; Salvatore Graziano

<[Salvatore@blbglaw.com](mailto:Salvatore@blbglaw.com)>; Rebecca Boon
<[Rebecca.Boon@blbglaw.com](mailto:Rebecca.Boon@blbglaw.com)>; [AScott@keker.com](mailto:AScott@keker.com); Jonathan D. Uslaner
<[JonathanU@blbglaw.com](mailto:JonathanU@blbglaw.com)>
**Subject:** Re: In re Qualcomm Securities Litigation--transfer of motion to quash

 **[WARNING: External Email]**

Thanks Ryan.  Will you be able to let us know today or Monday?

On Jul 11, 2023, at 2:27 PM, Appleby, Ryan S.
<[RAppleby@gibsondunn.com](mailto:RAppleby@gibsondunn.com)> wrote:

Brent,

We received your message and will get back to you.

Thank you,
Ryan

**Ryan S. Appleby**
Associate Attorney

T: +1 213.229.7353  |  M: +1 213.215.3056
[RAppleby@gibsondunn.com](mailto:RAppleby@gibsondunn.com)

**GIBSON DUNN**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197

On Jul 11, 2023, at 1:28 PM, Brent Byars
<[MByars@cravath.com](mailto:MByars@cravath.com)> wrote:

 **[WARNING: External Email]**

Rich and Ryan,

Plaintiffs and Defendants in this case agree that it would be more efficient if Apple's motion to quash were heard by the Court that is hearing the case.  Would you please let us know if Apple will consent to the transfer of its motion to the

Southern District of California pursuant to FRCP 45(f)?

Thanks,

Brent

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.