UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUBPOENAS ISSUED TO JEFFREY WILLIAMS AND BRUCE WATROUS JR. | Case No.: 23-cv-01475-JO-JLB<br><br>**NOTICE AND ORDER SETTING HEARING RE: NON-PARTIES APPLE INC., JEFFREY WILLIAMS, AND BRUCE WATROUS JR.'S MOTION TO QUASH SUBPOENAS**<br><br>**[ECF No. 1]** |

　　Before the Court is a Motion to Quash Non-Party Subpoenas filed by Apple, Inc., Jeffrey Williams ("Williams"), and Bruce Watrous Jr. ("Watrous") (collectively, "Apple"). (ECF No. 1.) In the matter of *In Re Qualcomm Inc. Sec. Litig.*, Case No. 3:17-cv-00121-JO-MSB (S.D. Cal.) (the "Securities Action"), a class action pending in this District, Plaintiffs Sjunde AP-Fonden and Metzler Asset Management GmbH (collectively, "Plaintiffs"), served a deposition subpoena on non-party Williams. (*Id.*) Defendant Qualcomm Incorporated ("Qualcomm"), a defendant in the Securities Action, similarly served a deposition subpoena on non-party Watrous. (*Id.*) Through its motion, Apple seeks to quash these deposition subpoenas.

Upon review of the motion to quash, the oppositions filed by Plaintiffs and Qualcomm, and Apple's reply, the Court hereby **SETS** a hearing on the motion to quash for **December 14, 2023**, at **1:45 PM** before Magistrate Judge Jill L. Burkhardt. The hearing shall take place in **Courtroom 5A** of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101. At the hearing, the parties shall be prepared to respond to the following questions:

### Plaintiffs

- Is it literally your intent to only ask Williams to confirm his prior testimony without asking new substantive questions?

### Qualcomm

- If Plaintiffs only ask Williams to confirm his prior testimony without asking new substantive questions, do you need to ask any questions on cross-examination? If so, in what areas of inquiry?
- You indicate that you intend to ask Watrous about documents that only became available to you after the Honorable Gonzalo P. Curiel deemed that privilege had been waived by Apple as to those documents. Assuming for purposes of this question that Watrous is an apex witness, is there a non-apex witness from whom this testimony could be obtained?
- What non-privileged areas of inquiry do you have for Watrous about these documents?
- Other than the language in the Consolidated Complaint that "Apple and its counsel confirmed" the allegations that Plaintiffs relied on in drafting their own complaint, do you have any basis for believing Apple played any role, especially an inappropriate role, in "assisting" Plaintiffs in bringing this litigation?
- What is the relevance of "Apple's role, if any, in assisting Plaintiffs with prosecuting the Securities Action?"

- What is the relevance of "Qualcomm's vindication" of the antitrust actions? What non-privileged testimony on this subject does Qualcomm seek from Watrous?
- How is Watrous a rebuttal witness to Williams?

### Apple

- If the Court were to allow the depositions of Williams and Watrous, what protections would you ask the Court to consider imposing to reduce the burden of the depositions?
- Would such restrictions be appropriate as to Watrous even if Watrous is not determined to be an apex witness?

**IT IS SO ORDERED.**

Dated:  December 8, 2023

*[signature: Jill Burkhardt]*

Hon. Jill L. Burkhardt
United States Magistrate Judge